United States District Court
Southern District of Texas
**ENTERED**
November 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Peter Linder, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-20-1363 |
| | § | |
| Assured Enterprises, Inc., et al., | § | |
|    *Defendants*. | § | |

## Memorandum and Recommendation

Pending before the court are Norman Hayes's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (D.E. 19) and Peter Linder's motion for leave to amend. (D.E. 35.) These motions are before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). For the reasons detailed below, the court GRANTS the motion for leave to amend and recommends that the motion to dismiss be DENIED as moot.

In early 2020, Peter Linder filed suit against Assured Enterprises, Inc. (Assured), its parent company, and its officers and directors, asserting claims for breach of contract, quantum meruit, and fraud. (D.E. 1.) The case was removed to federal court on April 16, 2020. *Id.* On April 19, 2020, Linder filed an amended complaint, adding a claim for violations of the Fair Labor Standards Act. (D.E. 3.) Hayes moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on June 5, 2020. (D.E. 19.) On July 9, 2020, Linder responded.

(D.E. 35.) In his response, he asked for leave to file an amended pleading. *Id.* at 5. The court entered a scheduling order that same day. (D.E. 33.) The court's scheduling order included an August 7, 2020 deadline to file amended pleadings. *Id.* No amended pleadings were filed.

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the plaintiff must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**When a complaint fails to state a claim, the court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless doing so would be futile.** *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Rule 15(a) requires the court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The court has discretion to grant or deny a motion for leave to amend and may consider factors like a movant's bad faith or dilatory motive, undue prejudice to the opposing party, repeated failures to cure deficiencies, and futility of the amendment. *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

Case 4:20-cv-01363 Document 48 Filed on 11/03/20 in TXSD Page 3 of 3

In this case, Linder requested leave to amend his complaint before the amended pleading deadline. There is no evidence that the request was made in bad faith. There is no evidence that allowing an amendment would cause undue prejudice to Hayes. The court has not previously granted leave to amend. The court gives Linder one final opportunity to specifically set forth the causes of action he asserts against Hayes.

Because the motion for leave to amend is granted, the court recommends that Hayes's motion (D.E. 19) be denied as moot. *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (explaining that "an amended complaint ordinarily supersedes the original and renders it of no legal effect"). Linder shall file his amended complaint within fourteen days of the date of this order.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on November 3, 2020.

_____
Peter Bray
United States Magistrate Judge