UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Peter Linder, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-20-1363 |
| | § | |
| Assured Enterprises, Inc., et al., | § | |
|    *Defendants*. | § | |

# Memorandum and Recommendation

Pending before the court are Anita J. Finkelstein's and James M. Simon, Jr.'s motions to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (D.E. 14, 15.) In response, Peter Linder moves to sever his claims against Finkelstein and Simon and transfer them to the appropriate courts. (D.E. 16, 34.) These motions are before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). For the reasons detailed below, the court DENIES the motions to sever and transfer and recommends that the motions to dismiss be GRANTED.

1. **Background**

Peter Linder began working for Assured Enterprises, Inc. (Assured) in November of 2015. (D.E. 3 ¶ 16.) He alleges that, despite having agreed on a set salary, Assured began underpaying him in late 2016. *Id.* ¶ 18. According to Linder, when he complained, Assured promised it would remit backpay and would pay him

the agreed-upon salary in the future. *Id.* ¶¶ 19, 21. It did not. *Id.* ¶¶ 20, 23. Linder resigned in March of 2019. *Id.* ¶ 23.

In early 2020, Linder filed suit against Assured, its parent company, and its officers and directors, asserting claims for violations of the Fair Labor Standards Act, breach of contract, quantum meruit, and fraud. (D.E. 1.) Anita J. Finkelstein worked as Assured's in-house counsel from January 1, 2015, through August 15, 2018, and was given the title of assistant secretary. (D.E. 11 ¶¶ 10, 12, 15.) James M. Simon, Jr. has been on Assured's board of directors since 2012. (D.E. 14-1 ¶ 8.) Because Assured forfeited its corporate charter, Linder argues that the officers and directors, including Finkelstein and Simon, should be held personally liable for his claims against Assured. (D.E. 3.)

Finkelstein and Simon move to dismiss Linder's claims against them for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (D.E. 14, 15.) In the alternative, they move to dismiss for failure to state a claim under Rule 12(b)(6). *Id.* In his responses, Linder moves to sever Finkelstein and Simon and transfer Finkelstein's case to the United States District Court for the District of Columbia (D.E. 16), and Simon's case to the United States District Court for the Northern District of Alabama. (D.E. 34.)

## 2. Standard of Review

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to make a prima facie showing that the court has jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). Jurisdictional requirements "must be met as to each defendant . . . ." *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)). A federal court has jurisdiction over a nonresident defendant if (1) the state's long-arm statute confers personal jurisdiction over that defendant and (2) the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ham*, 4 F.3d at 415.

Because the Texas long-arm statute extends to the limits of federal due process, the court need only analyze the second factor—whether jurisdiction is consistent with constitutional due process. *Id.* In doing so, the court must determine whether (1) the defendants have established "minimum contacts" with the forum state and (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus

invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). A determination of "minimum contacts" may be subdivided into two categories: contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). A nonresident defendant's contacts with the forum state give rise to specific jurisdiction if they arise from or directly relate to the cause of action. *Id.* "[T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden*, 571 U.S. at 284 (citing *Burger King*, 471 U.S. at 475). On the other hand, contacts with the forum state establish general personal jurisdiction if they are continuous, systematic, and substantial, even if they are unrelated to the cause of action. *Marathon Oil*, 182 F.3d at 295. "[V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008).

### 3. Analysis

Linder asserts that "Defendants . . . at times relevant, . . . resided in or conducted business within the geographic boundaries of the Court." (D.E. 3 ¶ 11.) Linder's claims center around the work that he performed for Assured, which was done from his home in Texas. *Id.* ¶ 15. Linder alleges that actions related to his

4

employment were made "with the consent and approval" of Finkelstein, Simon, and three other defendants. *Id.* ¶¶ 19, 21. In his responses to the motions to dismiss, Linder asserts that Assured "maintained a Texas office, had Texas operations, and employed Texas employees." (D.E. 16 at 5; D.E. 34 at 6.) He does not allege that Finkelstein or Simon conducted business in Texas. He does not allege that Finkelstein or Simon had any contact with Texas. He does not even allege that they made any contact with him directly. Instead, he asserts that all claims against Finkelstein and Simon "arise directly out of [their] role[s] in the company." *Id.*

As to specific jurisdiction, Linder fails to explain what actions Finkelstein or Simon took to contact Texas. Allegations that they approved of actions that a third-party made with the state are insufficient to establish personal jurisdiction. *See Walden*, 571 U.S. at 284 ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.") (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)). A defendant's status as an officer or director of a corporation, without more, is insufficient to establish personal jurisdiction. *Cunningham v. Upwell Health, LLC*, No. 419CV00894ALMCAN, 2020 WL 4723175, at *5 (E.D. Tex. July 21, 2020), *adopted by* No. 4:19-CV-894, 2020 WL 4698322 (E.D. Tex. Aug. 13, 2020)

5

(quoting *ACS Partners, LLC v. GFI Mgmt. Servs., Inc.*, No. CV H-15-1111, 2015 WL 9319235, at *2 (S.D. Tex. Dec. 23, 2015)).

Both Finkelstein and Simon deny communicating with Linder about his pay. (D.E. 11 ¶¶ 16, 20; D.E. 14-1 ¶ 16.) Both declare they were not involved in decisions to hire or pay Linder. (D.E. 11 ¶¶ 17–19; D.E. 14-1 ¶¶ 14–15.) Both declare that they never approved any promises made to Linder by Assured representatives. (D.E. 11 ¶ 22; D.E. 14-1 ¶ 18.) Linder has not pleaded facts to show that Finkelstein or Simon made any affirmative contact with Texas that relates to his claims. Thus, he has not shown specific jurisdiction.

As to general jurisdiction, Linder has not pleaded any facts that show Finkelstein or Simon had continuous or substantial contacts with Texas. Finkelstein declares that she is a resident of the District of Columbia. (D.E. 11 ¶ 8.) She declares that she has never lived in Texas, owned property in Texas, paid taxes in Texas, or had a bank account in Texas. *Id.* ¶¶ 4, 6–7. Simon declares that he is a resident of Alabama. (D.E. 14-1 ¶ 2.) He declares he has never lived or owned property in Texas and has never worked in Texas. *Id.* ¶¶ 3–4. Neither Finkelstein nor Simon describe substantive contacts with Texas. Linder has failed to show that either Defendant is subject to personal jurisdiction in Texas.

Linder has not presented facts that establish this court's jurisdiction. In Linder's most recent filing, he concedes that the court does not have personal

6

jurisdiction over Finkelstein. (D.E. 38 at 5.) Because the court lacks jurisdiction, it does not reach the motions to dismiss for failure to state a claim. *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 231 (5th Cir. 2012) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)) (explaining that without personal jurisdiction, the court is "powerless to proceed to an adjudication").

### 4. Motion to Sever and Transfer

In response to Finkelstein and Simon's motions, Linder moves to sever his claims against these defendants and transfer them, pursuant to 28 U.S.C. § 1631, to a venue where jurisdiction exists. (D.E. 16, 34.) Linder asserts that the statute requires a court that lacks personal jurisdiction to transfer cases to a court with jurisdiction. Finkelstein asserts that the statute applies only when the court lacks subject matter jurisdiction, not personal jurisdiction. This court need not decide the issue because even if § 1631 applies to Linder's claims, transfer is inappropriate under the facts and circumstances of this case.

Under § 1631, if a court lacks jurisdiction over an action, it shall transfer the case to a court where the action "could have been brought at the time it was filed" if doing so would be in the interest of justice. 28 U.S.C. § 1631. Linder's suit, as filed, asserts claims against eight defendants, including Finkelstein and Simon. There are three problems with the relief that Linder requests. First, Linder does not address how transfer of this case would be in the interest of justice. Second, Linder does not

suggest a single district to which this multi-party action, as it was filed, should be transferred. Third, Linder does not provide any details that persuade the court to exercise its discretion to grant a severance. The court addresses each issue individually.

### A. Interest of justice

The court is only required to transfer the case if doing so would be in the interest of justice. As the movant, Linder bears the burden of showing the court that a transfer would be in the interest of justice. *Aspen Tech., Inc. v. Kunt*, No. 4:10-CV-1127, 2011 WL 86556, at *3 (S.D. Tex. Jan. 10, 2011) (citing *Hardesty Builders, Inc. v. Mid-Continent Cas. Co.*, No. CIV.A C-10-142, 2010 WL 2787810, at *2 (S.D. Tex. July 14, 2010)). Linder's filings fail to offer any reason whatsoever for the court to find that transfer would be in the interest of justice. "In some cases, 'the interests of justice may be best served by requiring the plaintiff[] to begin at the beginning in the proper forum.'" *Orix Pub. Fin., LLC v. Lake Cty. Hous. & Redevelopment Auth.*, No. 3:11-CV-0678-D, 2011 WL 3628958, at *8 (N.D. Tex. Aug. 16, 2011) (quoting *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) (per curiam)); *see, e.g.*, *Moreno-Gomez v. Hall*, 371 F. App'x 465, 466 (5th Cir. 2010) (affirming dismissal over transfer when the plaintiff did "not suggest[] why the interest of justice would be served by transfer instead of dismissal"). Nothing in the

pleadings persuades the court that transfer would promote justice. Therefore, the court is not required to transfer the case.

### B. Proper venue at the time of filing

Section 1631 allows transfer only to another district where venue is proper. An action may be brought in (1) a district where any defendant resides, if all defendants reside in the state that the district is located, (2) a district where a substantial part of the claim occurred, or (3) if no judicial district meets the first two criteria, then in a district where any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b).

Linder sued multiple defendants that are residents of several states. As discussed above, there is no personal jurisdiction over at least two of the defendants in this district. Linder does not identify any single district to which this case should be transferred. It does not appear that there is any judicial district where this multi-party action would not have faced the same jurisdictional problems that exist here. Transfer of this case to any other district, as it was filed, would only create confusion and inefficiency.

### C. Severance of parties

Because Linder's original filing joined eight defendants, he asks the court to sever his claims against Finkelstein and Simon so that the claims against Finkelstein may be transferred to the District of Columbia and the claims against Simon may be transferred to the Northern District of Alabama. Linder does not explain why the

9

court should sever these claims. He asserts simply that "the district court has power to sever under Federal Rule of Civil Procedure 21." (D.E. 38 at 4.)

The "court has broad discretion to sever issues to be tried before it." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) (citing Fed. R. Civ. P. 21). As the party seeking a severance, Linder bears the burden of showing that a severance is warranted. *Aspen Tech.*, 2011 WL 86556, at *3. Courts in this district consider factors such as "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *In re Rolls Royce Corp.*, 775 F.3d 671, 680 n.40 (5th Cir. 2014) (quoting *Paragon Office Servs., LLC v. UnitedHealthcare Ins. Co.*, No. 3:11-CV-2205-D, 2012 WL 4442368, at *1 (N.D. Tex. Sept. 26, 2012)); *Carter v. Diamond URS Huntsville, LLC*, 175 F. Supp. 3d 711, 727–30 (S.D. Tex. 2016); *Aspen Tech.*, 2011 WL 86556, at *2–6.

Linder does not even attempt to address these factors. He has not carried his burden. Accordingly, the court denies Linder's motion to sever and transfer.

## 5. Conclusion

Because the court lacks personal jurisdiction over Finklestein and Simon, the court recommends that the motions to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (D.E. 14, 15) be GRANTED and that the claims against Finkelstein and Simon be dismissed without prejudice.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on November 5, 2020.

_____
Peter Bray
United States Magistrate Judge